[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE (No. 115)
This motion to strike raises a narrow point of CUTPA pleading. Conn. Gen. Stat. §§ 42-11-110a, et seq. "In order to allege a CUTPA violation properly, the plaintiff must allege, inter alia, that the acts complained of were performed in a "trade or business."' Pergament v. Green, 32 Conn. App. 644, 655,630 A.2d 615, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993). (Internal quotation marks and citations omitted.) The question presented here is whether the sixth count of the plaintiff's amended complaint complies with this pleading requirement. For the reasons briefly described below, I conclude that it does not quite do so.
The sixth count of the amended complaint alleges that, at the time of the events in question, the defendant, New Haven Savings Bank, "engaged in the conduct of a trade or commerce concerning consumer oriented activities in the State of Connecticut." The count then alleges that the defendant "was prohibited by Connecticut General Statute § 42-110a et seq. from engaging in unfair or deceptive acts or practices." It further alleges that the defendant "engaged in unfair and deceptive acts and practices, prohibited by Connecticut General Statute §42-110a et seq., with the Plaintiff, to Plaintiffs detriment" by agreeing to sell certain real property to the plaintiff and then CT Page 7169 selling the property in question to another person.
While these assertions come close to alleging that "the acts complained of were performed in a "trade or business, they do not quite do so. The plaintiff claims in his objection that the defendant Bank is in fact in the business of real property transactions. As a factual matter, this may be so, but the amended complaint is not explicit on this point. of course, the plaintiff will be free to file a new pleading pursuant to Practice Book § 10-44, and make explicit in his complaint what is explicit in his argument. The underlying disputed question of fact cannot, of course, be resolved by a motion to strike.
The motion to strike the sixth count of the amended complaint is granted.
Jon C. Blue, Judge of the Superior Court